IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEGGY K. ATTERBERRY,
    Plaintiff,

v.                                                                        CIV. No. 14-908 SCY/KK

SAFECO INSURANCE COMPANY OF AMERICA,
    Defendant.

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES**

    COMES NOW Plaintiff, Peggy K. Atterberry, by and through her counsel of record and respectfully requests this cause be remanded to the Second Judicial District Court of New Mexico because this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Due to the nature of this motion, Defendant's concurrence has not been sought. In further support, Plaintiff states:

    1.    Pursuant to 28 U.S.C § 1447(c), this Motion to Remand is made within thirty days after the filing of the Notice of Removal, although the basis for this Motion is subject matter jurisdiction, which can be raised at any time. *See id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    2.    This case should be remanded because Defendant has not established by a preponderance of the evidence that the threshold jurisdictional amount in controversy is satisfied.

    3.    Plaintiff's Complaint arises from a rear-end motor vehicle collision on November 16, 2013 in which Plaintiff suffered personal bodily injuries. *See Notice of Removal*, **Exhibit D**.

    4.    At the time of the collision on November 16, 2013, Plaintiff had a policy of insurance with Defendant Safeco with uninsured/underinsured motorist ("UM/UIM") benefits of $100,000.00 per person. *Id.*

5. The at-fault driver only had a minimum policy of $25,000 liability limits per person. With Defendant Safeco's permission, the at-fault driver's insurer paid those limits of $25,000 to settle the claims against the at-fault driver.

6. Under New Mexico law, the $25,000 payment made by the tortfeasor "offsets" the amount available under Safeco's UM/UIM policy. *See, e.g., Schmick v. State Farm Mut. Auto. Ins. Co.,* 1985-NMSC-073, ¶ 30, 103 N.M. 216. After the offset, $75,000 in UM/UIM coverage remained.

7. Thereafter, Plaintiff brought a claim with Defendant Safeco for payment of UIM benefits for Plaintiff's damages exceeding the $25,000 already paid, up to the limits of the policy.

8. In response, Defendant Safeco offered to pay $2,500.00 in UIM benefits to Plaintiff. Defendant Safeco refused any additional amount, despite Plaintiff's requests to continue negotiations or to arbitrate the matter. *See id.* For that reason, Plaintiff filed a Complaint for payment of UIM benefits, breach of contract, declaratory judgment, and violation of the Unfair Practices Act. *See Notice of Removal* **Exhibit D.**

9. On July 29, 2014, before filing her Complaint, Plaintiff sent a letter to Defendant with a counter-offer in the amount of $60,000.00. This letter is attached to Defendant's Notice of Removal as "Exhibit B."

10. Defendant's Notice of Removal concedes that Plaintiff's demand—before suit was even filed—was $60,000.00. *See Notice of Removal*, **Exhibit B**.

11. Despite Defendant's own admission that Plaintiff's demand was $60,000.00, Defendant improperly removed this case based upon the erroneous allegation that Plaintiff has sought damages in excess of the jurisdictional requirement contained in 28 U.S.C. § 1332.

12. The only evidence cited to in the Notice of Removal that the amount in controversy has been met is a mischaracterization of the attorney's fees in the affidavit of Shannon Parden attached to the Notice of Removal as "Exhibit C."

13. Defendant contends, based on defense counsel's experience, the attorney's fees in prosecuting the case through trial would exceed $30,000.00, and possibly would exceed $60,000.00. *See Notice of Removal,* **Exhibit C**.

14. Defendant provided no other evidence to support its claims that Plaintiff is seeking damages that satisfy the amount in controversy requirement. Defendant did not attempt to itemize Plaintiff's damages based on the allegations in the Complaint or Plaintiff's medical expenses. Defendant also failed to cite any other similar cases supporting its position wherein the amount in controversy requirement was satisfied when the plaintiff's demand was less than the jurisdictional requirements.

15. Moreover, Defendant Safeco ignored the fact that Plaintiff's demand of $60,000.00 includes attorney's fees, as is the standard practice for personal injury cases. If Defendant Safeco had accepted Plaintiff's offer of $60,000.00 to settle the UIM claims, the entire case would have been settled, including any possible claims for attorney's fees.

16. Defendant provides no evidence to prove, or even suggest, that if Defendant Safeco had accepted Plaintiff's highest demand of $60,000.00, it would still have been liable for attorney's fees over and above that amount.

17. At the time of removal, Defendant Safeco had no objectively reasonable basis to assert that it would still have been liable for attorney's fees if it had accepted Plaintiff's highest demand of $60,000.00. *See Attorney's Affidavit,* **Exhibit 1**.

## ARGUMENT

Federal courts have limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 404 F.3d 1232, 1235 (10th Cir.2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). The fight to remove a case that was originally in state court to federal court is purely statutory, not constitutional. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119-20 (D.N.M. 1998). Therefore, removal statutes are to be construed strictly. *See id*. There is a presumption that a case lies outside this limited jurisdiction, and any doubt as to the propriety of removal is to be resolved in favor of remand. *See Chavez*, 15 F. Supp. 2d at 1119-20; *see also Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982). Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal. *See Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

"Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Ullman v. Safeway Ins. Co.,* 995 F. Supp. 2d 1196, 1213-14 (D.N.M. 2013) (citing 28 U.S.C. § 1332). On a motion for remand, the question is whether the district court lacks subject matter jurisdiction; in other words, the issue is whether the case was properly removed in the first instance. 28 U.S.C. § 1447(c); 14A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3739, at 580 (2d ed. 1985) (A federal court is limited to "the question of its authority to hear the case pursuant

to the removal statute."). When there is no subject matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

> **A. Because Defendant failed to establish the amount in controversy satisfies the jurisdictional requirements in 28 U.S.C. § 1332, this Court does not have subject matter jurisdiction and this case must be remanded.**

The Tenth Circuit has held that when a plaintiff's damages are unspecified in the complaint, "a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (internal quotation marks and citations omitted). If a Plaintiff does not claim a specific amount of damages above the jurisdictional limit, then the defendant must prove by at least a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The amount in controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation." *Ulman*, 995 F. Supp. 2d at 1214 (citing *Valdez v. Metro. Prop. & Cas. Ins. Co.,* 867 F.Supp.2d 1143, 1163 (D.N.M.2012)). In determining the amount in controversy, the Court is limited to considering only those facts known to it at the time of removal. *See Hana v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001).

The Tenth Circuit has identified the information upon which a defendant may rely to show how much is in controversy: (i) the defendant may rely on an estimate of the potential damages from the allegations in the complaint; (ii) the defendant may rely on other documentation to provide a basis for determining the amount in controversy, such as interrogatories obtained in the state court before removal, affidavits, or other evidence submitted in federal court afterward; and (iii) the defendant may rely on the plaintiff's proposed settlement amount if it appears to reflect a reasonable estimate of the plaintiff's claim, because the plaintiff's

estimate of its claim is a proper means of supporting the allegations in the notice of removal. *See McPhail,* 529 F.3d at 956.

In *McPhail v. Deere & Co.,* the Tenth Circuit found that the defendant met its burden to support diversity jurisdiction where the plaintiff's complaint was silent on the amount in controversy. 529 F.3d 947. In its notice of removal, the defendant represented that the amount in controversy exceeded $75,000.00, and incorporated emails and letters of conversations between the parties' attorneys discussing the value of the claim. *Id.* The defendant's counsel interpreted the conversation as meaning that the plaintiff was seeking more than $75,000.00, and plaintiff's counsel refused to deny that the amount in controversy was less than of $75,000.00, stating "it may very well be" that the amount in controversy would exceed $75,000.00. *Id.* at 957. The Tenth Circuit found that the background information provided enough facts for the court to conclude that it was not legally certain that the plaintiff would recover an amount less than $75,000.00. *See id.* at 957. However, in the present case, unlike *McPhail*, there is no suggestion from Plaintiff's counsel that the amount in controversy exceeds $75,000.00. In fact,  there was a confirmed offer, which included attorney's fees, of $60,000.00.

An example of an amount in controversy which is not legally certain to reach $75,000.00 is seen in *Martin v. Franklin Capital Corp.,* 251 F.3d 1284. In *Martin,* the defendant's notice of removal totaled up all of the dollar figures in the plaintiff's complaint, but some of the dollar amounts were considered background information that were not linked to the plaintiff's attempts to recover damages. *See* 251 F.3d at 1291. Because the Tenth Circuit found that the defendant's notice of removal depended on an erroneous "construction of the [plaintiff's] pleading," the Tenth Circuit held that the amount in controversy requirement was not met. 251 F.3d at 1291.

Of the factors with respect to which *McPhail* permits review, the Court has only the most basic information about the status of the negotiations, as well as the affidavit by Defendant's counsel. Defendant has not provided this Court with an itemization of Plaintiff's medical expenses, or even told the Court the amount of Plaintiff's medical expenses. There is no acknowledgement by Plaintiff that her claims exceed the jurisdictional minimum. Defendant's only evidence that this case exceeds the amount in controversy requirement is the affidavit providing a self-serving estimate of the amount of Plaintiff's attorney's fees.

Plaintiff's proposed settlement amount of $60,000.00 is Plaintiff's clear statement of the value of her claim. Contrary to Defendant's assertion, Plaintiff's demand of $60,000.00 included the attorney's fees at issue in this case, and Plaintiff has made no assertion that the value of this case, including attorney's fees, exceeds $60,000.00. Plaintiff's Complaint alleged "Plaintiff Peggy K. Atterberry requested additional negotiations or arbitration of the uninsured motorist benefits claim with Defendant Safeco Insurance Company of American, [but] it refused to negotiate further or arbitrate the underinsured motorist claim." At the time of filing the Complaint in state court, Plaintiff was still willing to negotiate her case further, which suggests the value of her case may be less than $60,000.00, not more. The only other evidence presented to this Court with the Notice of Removal is Plaintiff's letter to Defendant's counsel on July 29, 2014 setting forth the most-recent offer by Plaintiff of $60,000.00 and stating the difficulties that Plaintiff has endured as a result of the injuries caused by the collision.

It is Defendant's burden to prove that this case was removable in the first instance, not Plaintiff's burden to prove that it was not. Defendant removed this case to federal court based on a mischaracterization of the probable attorney's fees. The facts known at the time of the Notice of Removal are clear that the amount in controversy, while more than the $2,500.00 offered by

Defendant, most likely does not exceed $60,000.00. Defendant has failed to meet its burden to prove the amount in controversy in excess of $75,000.00 by a preponderance of the evidence, and Plaintiff moves this Court to remand this action to state court for a determination on the merits of the case.

WHEREFORE, Plaintiff prays that this matter be remanded to the Second Judicial District Court of New Mexico for such other relief as would be just.

**MARTINEZ, HART & THOMPSON, P.C.**

/s/ David B. Martinez

David B. Martinez
Attorney for Plaintiffs
1801 Rio Grande NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 – FAX
davidm@osolawfirm.com